Filed 1/8/21  P. v. Lawson CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DARRYL JAMES LAWSON,<br><br>Defendant and Appellant. | B306732<br><br>(Los Angeles County<br>Super. Ct. No. TA030208) |

THE COURT:

The trial court denied Darryl Lawson's motion to modify his sentence pursuant to Penal Code section 1016.8.[1]  It reads, "A provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy."  (§ 1016.8, subd. (b).)

---

[1] Unlabeled statutory references are to the Penal Code.

Lawson is serving a "Three Strikes" sentence following his 1995 jury convictions for first degree robbery and assault with a deadly weapon (§§ 211, 245, subd. (a)(1)), with findings that he personally used a deadly weapon and caused great bodily injury. (§§ 12022, subd. (b), 12022.7.) The court found true that Lawson has a 1987 conviction for residential burglary and a 1989 robbery conviction. (§§ 211, 459.)

Lawson was sentenced to 25 years to life, plus 10 years. (§ 667.) This court affirmed the judgment in *People v. Lawson* (Aug. 1, 1996, B097658) [nonpub. opn.].

On February 19, 2020, Lawson sought resentencing. He argued that his negotiated pleas in 1987 and 1989 were not knowing and intelligent because he was not advised of possible future consequences if he incurred a third serious felony conviction. He asked the court to vacate the prior felony strikes. The court denied Lawson's motion on June 17, 2020. He appealed.

We appointed counsel for Lawson. Counsel submitted a brief raising no issues. (*People v. Serrano* (2012) 211 Cal.App.4th 496.) Lawson filed a supplemental brief. He asserts that the court abused its discretion 25 years ago by failing to consider, as a mitigating factor, his state of intoxication. Lawson had the opportunity to challenge the propriety of his sentence, including any abuse of discretion, in his 1996 appeal. The time for challenging any mitigating factors has passed.

Lawson's motion to modify his sentence is based on section 1016.8, which "does not reduce the punishment for any particular crime" and applies " 'to all cases not yet final on appeal.' " (*People v. Barton* (2020) 52 Cal.App.5th 1145, 1152–1153.) Lawson's appeal was final in 1996; therefore, section 1016.8 does not apply.

Moreover, Lawson does not contend that his plea bargains required him "to waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law," which is the problem addressed by section 1016.8.  The order denying Lawson's motion is affirmed.

NOT TO BE PUBLISHED.


_____

LUI, P. J.     CHAVEZ, J.   HOFFSTADT, J.